RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/15/14
      MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

JAMES ANTHONY JOHNSON (#125794)    DOCKET NO. 14-CV-099; SEC. P

VERSUS                              JUDGE DEE D. DRELL

VALERIE MARSHALL, ET AL.           MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff, James Anthony Johnson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 21, 2014, and amended complaint [Doc. #9] on July 25, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He complains that he was subjected to unconstitutional conditions of confinement and racial discrimination. He names as defendants Valerie Marshall and Trinity Food Service.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Plaintiff's Allegations

Plaintiff complains that on May 27, 2013, Defendant Marshall entered the kitchen and started making loud noises grabbing the pans and was being "very rude and unprofessional." [Doc. #9, p.1] Marshall then turned off the fans and hood vents, leaving Plaintiff in the kitchen with grills and ovens running causing the

temperature to rise to over 100 degrees. Plaintiff claims this constitutes cruel and unusual punishment.

Plaintiff also alleges that Marshall allowed "Mr. Hardwin" to go into the office to prepare the bologna, with the air conditioner and fan running. Plaintiff claims this difference in treatment was "because of skin color."

Plaintiff was ordered to amend his complaint to provide additional information about the incident of which he complains. He was instructed to state how long the defendant left the fans and hood vents off on the day in question - May 27, 2013, and when they were turned back on. Additionally, he was ordered to provide what, if any, injury he suffered as a result of the incident, specifically, whether he required medical attention or treatment and whether he actually sought medical care as a result of the incident. In his amended complaint, Plaintiff did not state how long he was left in the kitchen without the fans, nor does he allege that he needed any medical treatment. He only alleges that extreme temperatures could cause heat stroke.

### *Law and Analysis*

1. **Conditions of Confinement**

First, to establish an Eighth Amendment violation based on the conditions of his confinement, a prisoner must satisfy both an objective and a subjective component. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "First, he must show that his

confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008)(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To make such a showing, the prisoner must demonstrate that the deprivation violated contemporary standards of decency and resulted in the denial of "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation marks and citation omitted); see Helling v. McKinney, 509 U.S. 25, 36 (1993). Second, the prisoner must show that prison officials possessed a sufficiently culpable state of mind in that they were deliberately indifferent to the alleged conditions. Wilson, 501 U.S. at 297-303; Woods, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, the prisoner must show both that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and (2) the official drew the inference. Id. "Deliberate indifference is an extremely high standard to meet." Brewster v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted).

First, Petitioner cannot recover compensatory damages because he did not suffer a physical injury that was more than *de minimis*. "No Federal civil action may be brought by a prisoner confined in

a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A more than *de minimis* physical injury, as defined by §1997e(e) and the jurisprudence, "...is an observable or diagnosable medical condition requiring treatment by a medical care professional." Luong v. Hatt, 979 F.Supp 481 (N.D. Tex. 1997). People in the regular and ordinary events and activities in their daily lives do not seek medical care unless an injury obviously appears to be of a serious nature, or persists after home remedy care. See id. Petitioner did not require nor did he seek any medical treatment after the alleged incident.

Plaintiff also seeks an order directing the food service company to refrain from causing Plaintiff to work in "cruel conditions." First, to obtain a preliminary injunction a Plaintiff must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).[1] As

---

[1] For a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See Dresser-Rand Co.

4

noted above, Plaintiff alleged a single incident from May 2013, of working in the kitchen without a fan or the air conditioning. He has not shown a substantial threat that he will suffer irreparable injury if an injunction is not granted. Nor has Plaintiff shown a substantial likelihood that he would prevail on the merits of his claim. Injunctive relief is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir.1985). Plaintiff has not demonstrated that such an extraordinary remedy is appropriate or necessary in this case.

2. **Discrimination**

Petitioner complains that he was subjected to the kitchen heat on May 27, 2013, due to his skin color. Plaintiff does not specify the color of his skin, but he complains that an inmate with a different skin color was allowed to prepare bologna in an office with air conditioning and/or fans. To state a claim for racial discrimination, a plaintiff must allege that similarly situated individuals have been treated differently and that the discrimination was purposeful or intentional. Baranowski v. Hart, 486 F.3d 112, 123 (5th Cir. 2007). Neither personal belief nor vague and conclusory allegations are sufficient to raise an equal protection claim. See Woods, 51 F.3d at 580 (concluding that the plaintiff failed to present evidence of discriminatory intent when

---

v. Virtual Automation Inc., 361 F.3d 831, 847 (5th Cir. 2004)(citations omitted).

5

his claim rested only on his personal belief that discrimination played a part in his remaining in lockdown); <u>Taylor v. Johnson</u>, 257 F.3d 470, 474 (5th Cir.1995)(African-American inmate failed to state an equal protection claim with allegations that prison employees discriminated against him based on his race when they removed him from one work assignment, denied him another particular work assignment and denied him the opportunity to file a formal complaint to challenge the work assignments.).

Plaintiff claims that he was treated differently from the inmate preparing bologna (on this one date) solely because of his skin color, whatever that may be. Assuming Plaintiff's allegations are true, Defendant Marshall may have favored the other inmate in the delegation of kitchen work, but there are no allegations to support Plaintiff's conclusion that he was treated in a different manner because of his skin color. Plaintiff cannot state a claim with conclusional assertions.

3. **Punitive Damages**

Although the physical injury requirement under 1997e(e) does not apply to claims for punitive damages, such damages may only be awarded to a civil rights plaintiff when he proves that the defendant's conduct was motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. See <u>Williams v. Kaufman Cnty.</u>, 352 F.3d 994, 1015 (5th Cir. 2003)(citations omitted). In this case, Plaintiff alleges

that he worked in the kitchen without a fan on one single day. He presents no non-conclusory allegations demonstrating a callous indifference to his constitutional rights.

4.  **Due Process**

Plaintiff complains that due process requires WNC to conduct a full and fair investigation of inmates' grievances. The narrowing of prisoner due process protections announced in Sandin v. Conner, 515 U.S. 472 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation, and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. See Taylor v. Cockrell, 2004 WL 287339 at *1 (5th Cir. Feb. 12, 2004)(not designated for publication)(holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); see also Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 138 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)("[T]he constitution creates no

7

entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted)(holding that a prison grievance procedure is not a substance right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)("There is no legitimate claim of entitlement to a grievance procedure.").

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 12th day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE